NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOM KOCH,

Plaintiff - Appellant,

v.

UNUM GROUP; COLONIAL LIFE &
ACCIDENT INSURANCE COMPANY,

Defendants - Appellees.

No. 24-6634

D.C. No.
2:20-cv-01948-JCM-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 7, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.
Dissent by Judge BENNETT.

Thomas Koch appeals the district court's grant of summary judgment in

favor of UNUM Group ("UNUM") and Colonial Life & Accident Insurance

Company in an action alleging retaliation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-3. We have jurisdiction under 28 U.S.C. § 1291.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Reviewing the district court's summary judgment decision de novo, *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021), we reverse and remand.

1.      A claim of retaliation under Title VII is governed by the three-step burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).  First, the plaintiff must establish a prima facie case of retaliation by proving that "(1) [he] engaged in an activity protected under Title VII; (2) [his] employer subjected [him] to adverse employment action; and (3) there was a causal link between the protected activity and the employer's action." *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (cleaned up).  "Under the *McDonnell Douglas* framework, the requisite degree of proof necessary to establish a prima facie case on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence."  *Opara v. Yellen*, 57 F.4th 709, 722 (9th Cir. 2023) (cleaned up).

The district court erred in holding that Koch had presented insufficient evidence of causation to establish a prima facie case of retaliation.  The court mischaracterized Koch's evidence of a causal link as resting solely on the timing of his termination.  Koch presented other evidence of retaliation by UNUM. UNUM's investigation began when Koch reported incidents of sexual harassment in June 2019 by his supervisor Scott Webb against another co-worker, Heather Schoenwald.  But the company soon began investigating *Koch* for alleged

2                                                    24-6634

misconduct in December 2018 and February 2019, which had not been reported by any employee prior to the start of UNUM's investigation. Koch also offered evidence that Webb had threatened to retaliate against him or Schoenwald if either one reported him to human resources. Webb allegedly told Koch: "I'll make her life a living hell. My guys will say anything I need them to say. . . . I'll throw my weight around and this will never go anywhere. And if you support her, then you're against me and basically I'm doing the same thing to you." The district court erred by failing to address Koch's additional evidence that UNUM terminated Koch's employment on the basis of Koch's report to human resources.

Even the timing of Koch's termination—less than a month after his harassment complaint—is sufficient to raise a strong causal inference of retaliation. "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Here, the close temporal proximity between Koch's harassment complaint on May 31, 2019, and his termination on June 28, 2019, suffices to meet the prima facie requirement. *See, e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (less-than-three-month interval sufficient to establish the causation element of a prima facie case); *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 694 (9th Cir. 2017) (finding a one-month interval indicated a "strong" prima facie case).

24-6634

The district court compounded its mistake by requiring Koch to establish that "defendants terminated Koch based *solely* on his complaint against Webb." As the Supreme Court explains, "[o]ften, events have multiple but-for causes[,]" and "[w]hen it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020). In other words, Koch need only raise a triable dispute that his protected activity was "a but-for cause," not the sole but-for cause, of his termination. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Koch readily cleared that threshold.

2. Having concluded that Koch failed to establish a prima facie case, the district court did not expressly reach the next two steps of the *McDonnell Douglas* framework. It instead found that the timing of Koch's termination was insufficient to establish a prima facie case of retaliation because "defendants had an independent basis for Koch's termination: the corroborated evidence of his misconduct with Schoenwald." That analysis skipped the second step of the *McDonnell Douglas* framework, which shifts the burden to the employer to assert a "legitimate, nondiscriminatory reason" for the termination. *Kama*, 107 F.4th at 1059 (quoting *Opara*, 57 F.4th at 723). "If such a reason is asserted, then the burden shifts back to the plaintiff to show that the asserted reason is merely a

4                                                                    24-6634

pretext for retaliation." *Id.*

Even assuming the district court had proceeded beyond the prima facie stage and UNUM had asserted a legitimate, nondiscriminatory reason for termination, material factual disputes exist as to whether UNUM's stated reasons for firing Koch are pretextual. "A plaintiff can establish pretext (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable; or via a combination of these two kinds of evidence." *Kama*, 107 F.4th at 1059 (cleaned up). The timing of Koch's termination itself constitutes evidence of pretext. *See Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011) ("In some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext."); *see also Reynaga*, 847 F.3d at 694. Webb's threats against Koch and his apparent influence within UNUM further raises a triable dispute of retaliation.

In addition, UNUM purported to terminate Koch for violation of its nepotism and anti-harassment policies because (1) Schoenwald made sexually inappropriate gestures to him on FaceTime in view of another employee, (2) Koch and Schoenwald danced inappropriately at a company karaoke event, and (3) Koch was not forthcoming in the investigation. However, the record is rife with factual

disputes about these allegations and whether UNUM's decision-makers genuinely believed them. The alleged FaceTime calls involved Schoenwald's conduct, not Koch's, and according to Koch, Schoenwald's phone records establish that no calls were made between them during the months in question. Webb told UNUM that the karaoke dance occurred between Schoenwald and a different person, not Koch, and the video purportedly recording their dance has since been corrupted and is irretrievable. Finally, Koch disputes that he provided false information to investigators and Mike Keller, UNUM's decisionmaker who fired Koch, did not recall having terminated anyone for not being forthcoming in an investigation. Viewing the evidence in the light most favorable to Koch, the inconsistencies in the record create a triable dispute as to whether UNUM genuinely believed its stated reasons for terminating Koch's employment or merely used them as pretext for retaliation. These inconsistencies are not resolvable at the summary judgment stage.

**REVERSED and REMANDED.**

*Koch v. Unum Group*, No. 24-6634

BENNETT, Circuit Judge, dissenting:

I agree with the majority that Tom Koch presented sufficient evidence of causation to establish a prima facie case of retaliation under the *McDonnell Douglas* framework. But I disagree that a triable issue exists as to whether the defendants' stated reason for terminating Koch was pretextual. I would affirm the district court's entry of summary judgment for UNUM Group and Colonial Life & Accident Insurance Company, and so I respectfully dissent.

1. "When we review a district court's order granting summary judgment, we must also examine the record to determine if there is any other basis for affirmance." *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149 (9th Cir. 1997). "If the district court's result is correct, we will affirm even if the court relied on an erroneous ground." *Id.*

Having decided at the first step of the *McDonnell Douglas* framework that Koch established a prima facie case of retaliation, we must proceed to the second and third steps, taking a fresh look at the evidence in the summary judgment record.

2. At step two, UNUM came forward with a "legitimate, non-retaliatory reason," *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008), for terminating Koch: he engaged in extremely inappropriate and offensive conduct.

During the company's investigation into Koch, employees reported that he had engaged in unseemly behavior with a co-worker, Heather Schoenwald. One employee described two incidents in which Koch and Schoenwald made inappropriate sexual gestures over FaceTime. Other employees informed human resources that Koch had participated in inappropriate sexual conduct at a work karaoke event. Misty Hasley reported that Koch dedicated a karaoke song to her and her vibrator. At this same event, Schoenwald and Koch danced together inappropriately—Schoenwald rubbed her backside up against Koch and rubbed her foot against his crotch. Hasley captured the explicit dancing on video and later provided a copy to human resources. The investigator at UNUM who viewed the video footage confirmed in her deposition that it depicted Koch and Schoenwald dancing together inappropriately.

In its termination letter, the company referenced the FaceTime calls and explained that a video showed Koch "inappropriate[ly] dancing with another employee that would be perceived as offensive and against Unum's business interests." Koch's unbecoming conduct with a co-worker constitutes a legitimate, non-retaliatory reason justifying his termination. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985) ("An employee is not protected by Title VII when he violates legitimate company rules" or "disrupts the work environment of his employer.").

3.     When, as here, the defendant articulates a legitimate, nondiscriminatory reason for its termination decision, "the burden shifts back to the plaintiff to show that the asserted reason is merely a pretext for retaliation." *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024). A plaintiff can establish pretext in several ways: "(1) directly, by showing that unlawful discrimination more likely [than not] motivated the employer; [or] (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable," or by a combination of such evidence. *Id.* (alterations in original) (quoting *Opara v. Yellen*, 57 F.4th 709, 723 (9th Cir. 2023)). "To show pretext using circumstantial evidence," we have explained, "a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motives." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004). We must "scrutinize the evidence and reasonable inferences to determine whether there is sufficient probative evidence to permit 'a finding in favor of the opposing party based on more than mere speculation, conjecture, or fantasy.'" *O.S.C. Corp. v. Apple Comput., Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)).

Koch has failed to come forward with sufficient evidence at summary judgment to show that UNUM's reasons for his termination are not credible. In

sending this case to trial, the majority relies on several "factual disputes" that Koch has raised against UNUM's allegations of his misconduct. But not every dispute of fact precludes summary judgment. When "'abundant and uncontroverted independent evidence' suggests that 'no discrimination . . . occurred,' plaintiff's 'creat[ion of] only a weak issue of fact as to whether the employer's reason was untrue' will not suffice." *Opara*, 57 F.4th at 724 (alterations in original) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)). And none of the factual disputes the majority identifies supports a finding that UNUM's reasons are inconsistent or otherwise unworthy of credence.

For example, the majority points to the call logs from Schoenwald's phone, which, according to Koch, prove that no FaceTime calls between the two took place during the months in question. This "inconsistenc[y]," the majority concludes, creates a triable dispute on whether UNUM merely used the FaceTime calls as a pretext for retaliation. But the majority's chain of reasoning founders on a well-established principle: when assessing the validity of an employer's stated reason for its actions, "it is not important whether they were *objectively* false." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Rather, we "only require that an employer honestly believed its reason for its actions, even if its reason is 'foolish or trivial or even baseless.'" *Id.* (quoting *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001)).

Koch has not alleged that anyone at UNUM reviewed Schoenwald's call logs before making the decision to terminate him—only that they could have. But evidence *later* produced and revealed during discovery cannot negate what the decisionmakers honestly believed at the relevant time. At the time, UNUM relied on an employee who described *personally seeing* Koch and Schoenwald engaging in sexual gestures through FaceTime. And the member of human resources who interviewed Koch relayed that Koch *admitted* the inappropriate FaceTime gestures happened. All this evidence leaves no reasonable basis to doubt that UNUM honestly believed Koch had engaged in inappropriate behavior with a colleague over FaceTime.

The same is true for the karaoke event. The factual dispute here, the majority tells us, is that the video recording of Koch and Schoenwald dancing together inappropriately "has since been corrupted and is irretrievable." That is true, but irrelevant to our review of pretext. Again, nothing about this *subsequent* development is material to the question of what UNUM honestly believed. Put another way, what has happened to the video file since Koch's termination does not undermine what other employees reported about the karaoke event, nor does it change what UNUM's human resources investigator *saw* when she personally viewed the recording.

I see no genuine dispute of material fact as to whether UNUM believed inappropriate conduct occurred between Koch and Schoenwald at karaoke. It is true that a document from UNUM's investigation into Koch includes notes from one employee's interview which state: "Misty has video of Tom and Heather slow dancing and then Heather danced with *Richard* and rubbed her crotch on him and said I see you are excited." From this, the majority observes that one employee "told UNUM that the karaoke dance occurred between Schoenwald and a different person, not Koch." But this alleged inconsistency appears to be little more than a typo. The member of human resources who watched the video testified that she saw Schoenwald "rubbing her backside up against *Tom* and turning around and then rubbing . . . her foot in *his* crotch." Another employee told human resources that Koch and Schoenwald were "doing things on stage you would only do with [an] intimate partner." And nothing in the record suggests there is even another man who worked at the company or attended the event named "Richard."

4. In sum, Koch failed to put forth sufficient evidence at summary judgment to demonstrate that the identified reason for his termination—his own extremely offensive behavior—is unworthy of credence. The factual disputes that Koch has identified, and the majority has relied on, could—at best—provide grounds to conclude that UNUM *shouldn't* have believed the evidence of Koch's reported misconduct. But there is no basis to conclude that the company *didn't*

6                                                    24-6634

honestly believe the evidence established that Koch had acted inappropriately.

Because I see no triable issue with respect to pretext, I would affirm the entry of

summary judgment in UNUM's favor.